SLR:OEM
F. # 2003V00434

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

VARUGHESE VARUGHESE,

           Defendant.
- - - - - - - - - - - - - - - X

**PRELIMINARY
ORDER OF FORFEITURE**

Criminal No.
CR-03-0612 (DGT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ NOV 7 2005 ★
BROOKLYN OFFICE

**WHEREAS**, in the Forfeiture Allegation of the Indictment in the above-captioned case, the United States sought forfeiture pursuant to 18 U.S.C. § 982(a)(1), of all right, title, and interest in any and all property real and personal, involved in the offense described in Court One of the indictment, and all property traceable to such property; and

**WHEREAS**, the defendant, VARUGHESE VARUGHESE, has agreed to plead guilty to violating Count One of the Indictment, to wit, knowing and intentionally conducting and attempting to conduct financial transactions that affected interstate and foreign commerce, to wit: the purchases of money orders, which involved property represented to be the proceeds of a specified unlawful activity, to wit: narcotics trafficking, with the intent to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity; and

**WHEREAS**, the defendant, VARUGHESE VARUGHESE, has agreed

to forfeit to the United States all right, title and interest in any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956(a)(3)(b), and property traceable to such property, including the following properties: (a) all proceeds of the sale of Triboro Check Cashing Inc., presently held by the Clerk of Court for the Eastern District of New York, which as of April 27, 2004, had an approximate value of $706,100.39; and (b) all proceeds of the sale of Three Star Check Cashing Corporation, presently held by the Clerk of the Court for the Eastern District of New York, which as of September 9, 2003, had an approximate value of $30,000 (collectively "the Forfeited Property"); and

**WHEREAS**, on October 7, 2005, the Court accepted the defendant's guilty plea; and

**WHEREAS**, by virtue of the above, and pursuant to 18 U.S.C. § 982, and Rule 32.2(b) of the Federal Rules of Criminal Procedure, the United States is now entitled to forfeit from the defendant the Forfeited Property.

ACCORDINGLY, it is **HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS** on consent:

1. Pursuant to 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant VARUGHESE VARUGHESE shall forfeit to the United States all right, title and interest on the Forfeited Property as property involved in a violation of 18 U.S.C. § 1956, on property, and/or as substitute

assets pursuant to 21 U.S.C. § 553(p).

2. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize and to conduct any discovery proper in identifying, locating or disposing of the Forfeited Property or to resolve factual issues in the ancillary proceeding, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third-parties, including giving notice of this Preliminary Order of Forfeiture.

4. The United States Bureau of Immigration and Customs Enforcement, Department of Homeland Security, shall publish notice of this Preliminary Order of Forfeiture in a newspaper of general circulation in this district, and of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct.

5. Any person, other than the defendant, asserting a legal interest in the Forfeited Property must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Property, and for an amendment to this Order, pursuant to 18 U.S.C. § 853, as incorporated by 18 U.S.C.

§ 982(b)(1), and Fed. R. Crim. P. 32.2(c).

6. Any petition filed by a third-party asserting an interest in the Forfeited Property shall (i) be signed by the petitioner upon penalty of perjury, (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property, and (iii) any additional facts supporting the petitioner's claim and relief sought.

7. The United States may also, to the extent practicable, provide direct written notice ot any person known to have an alleged interest in the Forfeited Property as a substitute for publishing notice as to those persons so notified.

8. If no third-party files a timely claim, the Court shall enter a Final Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c), giving the United States clear title to the Forfeited Property.

9. At sentencing this Preliminary Order will become final as to the defendant and must be made part of the sentence and be included in te judgment.

10. The Court shall retain jurisdiction to enforce this Preliminary Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant U.S. Attorney Orelia E. Merchant, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 14th Floor, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
         November  , 2005

                                    s/David G. Trager
                                    HONORABLE DAVID G. TRAGER
                                    UNITED STATES DISTRICT JUDGE